**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYRIK HAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>BETH HERB, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:24-cv-01446<br><br>(SAPORITO, J.) |

# ORDER

Plaintiff Tyrik Hawkins has filed a *pro se* "Motion for Default" (Doc. 48) against defendants David Bryden and Mark Sanders, who have not appeared in this action. For the following reasons, the motion will be granted in part.

Hawkins proceeds on Eighth Amendment claims against Bryden and Sanders, two optometrists who allegedly mistreated Hawkins while he was incarcerated at SCI-Frackville. The docket indicates that Bryden and Sanders were served by the United States Marshals Service on January 27, 2025.[1]

[1] Service was accepted on their behalf by co-defendant Beth Herb, on the apparent basis that Herb is "designated by law to accept service of process on behalf of . . . SCI-Frackville." *See* (Docs. 16, 17).

The process for entry of a judgment against a party who fails to appear consists of two steps. First, a plaintiff must request the clerk's "entry of default" under Federal Rule of Civil Procedure 55(a). A plaintiff is entitled to a clerk's entry of default when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *See* Fed. R. Civ. P. 55(a). Only after that step is complete can a party seek "default judgment" under Federal Rule of Civil Procedure 55(b). *See* Fed. R. Civ. P. 55(b); *Enigwe v. Gainey*, No. 10-684, 2012 WL 213510, at *2 (E.D. Pa. Jan. 23, 2012) ("[A] default judgment under Rule 55(b) must be preceded by entry of a default under Rule 55(a).").

Upon review of the relevant returns of service (Docs. 16, 17) and the *pro se* "Motion for Default," we find that the motion sets forth the basis for a clerk's entry of default under Rule 55(a), and we will grant the motion to that extent. *See* (Doc. 48 at 1); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013) (*pro se* prisoner motions must be liberally construed).

However, Hawkins's specific request for entry of "default judgment under Fed. R. Civ. P. 55(b)" will be denied without prejudice. The clerk must enter default judgment "[i]f the plaintiff's claim is for a sum certain

or a sum that can be made certain by computation," and the plaintiff presents "an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). "In all other cases," the court must consider whether to grant default judgment on a discretionary basis, based on "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); Fed. R. Civ. P. 55(b)(2).

In this case, Hawkins has not submitted an affidavit that proves his entitlement to a sum certain (Fed. R. Civ. P. 55(b)(1)), and his motion does not present any evidence bearing on the discretionary entry of default judgment (Fed. R. Civ. P. 55(b)(2)).[2]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Hawkins's "Motion for Default" (Doc. 48) is **GRANTED** to the

[2] Defendant Herb has filed a motion for summary judgment against Hawkins (Doc. 59), and that summary judgment record may be relevant to whether Sanders or Bryden has a "litigable defense." Hawkins is advised that if he chooses to renew his request under Rule 55(b)(2), the issue of default judgment may not be resolved until the motion for summary judgment is adjudicated. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (the existence of a meritorious defense is a "threshold issue" in considering a default judgment).

extent that the Clerk is **DIRECTED** to enter default against defendants Mark Sanders and David Bryden. *See* Fed. R. Civ. P. 55(a).

2. Hawkins's request for entry of default judgment under Fed. R. Civ. P. 55(b) is **DENIED** without prejudice.

Dated: November 12, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge